IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:21-cv-00188-BO

| | |
|---|---|
| Pamela Boyd, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Kilolo Kijakazi, )<br>Acting Commissioner of Social Security )<br>Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 20, DE 27]. A hearing on the matters was held before the undersigned on September 15, 2022 via video conference in Edenton, North Carolina. In For the following reasons, plaintiff's motion for judgment on the pleadings is GRANTED and defendant's motion is DENIED.

BACKGROUND

On March 1, 2018, plaintiff protectively filed an application for disability insurance benefits and Supplemental Security Income, alleging an onset date of December 8, 2017. Plaintiff's applications were initially denied on January 4, 2019, and again upon reconsideration. Plaintiff appealed and had a hearing before an Administrative Law Judge ("ALJ") on April 15, 2019. On September 15, 2020, the ALJ issued an unfavorable decision and found that plaintiff was not disabled. Plaintiff requested a review of this decision, and on February 24, 2021, the Appeals Council denied plaintiff's request for review, and the denial became the final decision of the Commissioner.

Plaintiff Pamela Boyd ("Boyd") was born on March 30, 1962, and is 5'7", weighing 184 pounds. She reports experiencing low vision, high blood pressure, chronic obstructive pulmonary

1

disease, diabetes, depression, and anxiety. She uses assistive devices to help with her trouble standing. Plaintiff previously worked as a meat wrapper, bus driver, and janitor but stopped working in 2016.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision

2

regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since the date that her application was filed. At step two, the ALJ found the plaintiff had the following severe impairments: right knee degenerative joint disease, mild persistent asthma, and osteoarthritis. At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing either alone or in combination. The ALJ found that plaintiff could perform medium work subject to some limitations. At step four, the ALJ found that plaintiff was capable of performing past relevant work as a meat wrapper, bus driver, and janitor. Therefore, the ALJ found that plaintiff was not disabled.

Plaintiff raises several arguments in her brief, including a constitutional challenge to the

3

appointment of the administrative law judge and the structure of the Social Security Administration. At the hearing, however, plaintiff waived her constitutional challenges, and this Court thus does not address them here.

A district court will affirm the SSA's disability determination "when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012); *Monroe v. Colvin*, 826 F.3d 176, 186 (4th Cir. 2016). Therefore, the issue is whether this ALJ applied the correct legal standard and whether there was substantial evidence to support finding Boyd capable of medium work.

I. The ALJ did not create a logical bridge between the medical evidence and the RFC

An RFC assessment must be based on all the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189; *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). The ALJ must both identify evidence that supports his conclusion and "build an accurate and logical bridge from [that] evidence to his conclusion." *Monroe*, 826 F.3d at 189; *see Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). A proper RFC analysis proceeds in the following order: "(1) evidence, (2) logical explanation, and (3) conclusion." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (citations omitted).

4

Here, the ALJ summarized the medical evidence and Boyd's testimony before concluding that Boyd was capable of medium work. Tr. 31–36. But the ALJ did not explain—based on the evidence—that Boyd could actually perform the tasks required by medium work. *Woods*, 888 F.3d at 694.

For example, after concluding that Ms. Boyd could walk and stand, the ALJ did not analyze how long Ms. Boyd could walk and stand for. An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them. *Id.* Medium work requires that Boyd be able to stand or walk for six hours in an eight-hour workday. Therefore, the ALJ must explain two separate findings: (1) that Ms. Boyd can perform the type of activity (standing or walking) and (2) that Ms. Boyd can perform that activity to the extent required by medium work (standing or walking for six hours in an eight-hour workday). The ALJ did not explain how, based on the medical evidence[1], he concluded that Boyd was capable of standing and walking for six hours at a time. Thus, the ALJ did not build an accurate and logical bridge between the evidence and his conclusion about Boyd's RFC.

II. This case should be reversed for calculation of benefits

The only remaining issue is whether to remand for further proceedings or to reverse for the calculation of benefits. That decision "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d

---

[1] *See e.g.*, Tr. 492 (Dr. Deem's opinion that Ms. Boyd "is unable to walk a block at a reasonable pace"); tr. 565 (describing x-ray of Ms. Boyd's right knee); Tr. 499 (noting the swelling of knee); tr. 507 (recording need for a Kenalog injection).

5

1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for calculation of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980); *see Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (reversal for benefits appropriate where the record did not support a decision denying coverage under the correct legal standard). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

A finding of an RFC of light work or sedentary work would lead to a finding that Ms. Boyd is disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. II. The substantial evidence compels finding that Boyd is *incapable* of medium work. Medium work requires standing or walking for six of eight hours with frequent lifting and carrying of twenty-five-pound objects.

Dr. Johnson stated that Boyd could walk with "moderate difficulty . . . with the assistance of a [] cane." Tr. 81. Dr. Deem wrote that Boyd "is unable to walk a block at a reasonable pace." Tr. 486. Boyd testified she couldn't even lift a gallon of water[2], let alone carry it. Tr. 53. Dr. Deem also wrote that Boyd's stamina is "moderately impaired," and her ability to "lift and carry" were "mildly impaired." Tr. 486. Boyd testified that she could not stand more than fifteen minutes without needing a five-minute seated rest. Tr. 59–60. The VE testified that this fifteen-minute-standing limitation eliminated all available medium work. Tr. 64. Therefore, the substantial evidence is inconsistent with finding Boyd had an RFC of medium work.

---

[2] A gallon of water is approximately eight pounds.

Case 5:21-cv-00188-BO    Document 35    Filed 09/29/22    Page 6 of 7

This Court finds that there is nothing to be gained from remanding this matter for further consideration because there is substantial evidence the plaintiff is not capable of medium work. Therefore, in its discretion, this Court reverses for a calculation of benefits.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED. Defendant's motion [DE 27] is DENIED. The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits.

SO ORDERED, this 29 day of September, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE